IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL JAMES HUFF,
No. 09365-091

        Petitioner,

vs.                                   Case No. 14-cv-00672-DRH

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

    Petitioner Michael James Huff is currently incarcerated in the Federal Correctional Institution at Marion, Illinois. Huff is before the Court pursuant to 28 U.S.C. § 2241, challenging his criminal conviction and sentence (*United States v. Huff*, 06-cr-60-WFD (D. Wyo. 2006)). Huff's petition for writ of habeas corpus is now before the Court for review under Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in United States District Courts.[1]

    Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## Background

In 2006, petitioner Michael James Huff pleaded guilty to coercing or enticing a female minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b).[2] *United States v. Huff*, 06-cr-60-WFD (D. Wyo. 2006). He was sentenced to 210 months in prison.

Huff challenged the reasonableness and constitutionality of his sentence on direct appeal. The sentence was affirmed on direct appeal. *See United States v. Huff*, 232 Fed. Appx. 832 (10th Cir. 2007).

In 2008, Huff filed litigation and moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. *Huff v. United States*, Case No. 08-cv-29-WFD (D. Wyo. 2008) (Doc. 57 in the criminal case). Ten claims of ineffective assistance of counsel were raised, presenting two broad attacks. First, arguing that Huff was coerced into pleading guilty based on an agreement that was not "favorable enough," because his attorney's advice was premised upon an erroneous criminal history calculation. Second, contending that Huff's counsel was ineffective by failing to suppress Huff's videotaped confession, and failing to pursue other defenses.

## The Petition

Now, petitioner Huff is before the Court pursuant to 28 U.S.C. § 2241, generally reasserting the arguments that counsel was ineffective that were

---

[2] In exchange for pleading guilty, a charge of attempted sexual exploitation of a child (18 U.S.C. §§ 2251(a), (e)).

presented in the Section 2255 motion. More specifically, petitioner perceives error in (1) counsel's overall performance, in violation of *Strickland v. Washington*, 466 U.S. 668 (1984); (2) counsel's failure to negotiate a reasonable plea agreement for consideration, and unreasonable sentencing expectations, in contravention of *Missouri v. Frye*, __ U.S.__, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, __U.S.__, 132 S.Ct. 1376 (2012); (3) counsel's failure to ensure the Sentencing Guideline range reflected offense along with the evidence without attributing unfounded weight to relevant conduct, as required under *Alleyne v. United States*, __U.S.__, 133 S.Ct. 2151 (2013), and *Descamps v. United States*, __U.S.__, 133 S.Ct. 2276 (2013); and (4) counsel failed to challenge the government's evidence, in violation of *Bullcoming v. New Mexico*, __U.S.__, 131 S.Ct. 2705 (2011). (*See* Doc. 1-1, p. 9 (summary of arguments), pp. 9-36).

Petitioner Huff invokes the "savings clause" in Section 2255(e) which permits Section 2241 to be used where Section 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention. He specifically asserts that he is "actually innocent" under the "new" Supreme Court precedents cited above.

## Discussion

As a preliminary matter, it is observed that the proper respondent in a Section 2241 petition is the petitioner's jailer, not the United States. *Rumsfeld v. Padilla*, 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim*, 443 F.3d 946, 948–49 (7th Cir. 2006). Because allowing Huff to amend his petition to name his

jailer as respondent, or the *sua sponte* substitution of parties would not alter the analysis of the viability of the petition. Therefore, the Court will proceed.

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas [Section] 2241 applies to challenges to the fact or duration of confinement. *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Petitioner challenges his conviction and sentence, making Section 2255, not Section 2241, the appropriate avenue for relief.

Federal prisoners may utilize Section 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of Section 2255(e), where a remedy under Section 2255 is inadequate or ineffective to test the legality of detention. 28 U.S.C. § 2255(e); *see* also *United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.'" *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).[3]

---

[3] It is important to keep in mind that Section 2255(f) provides for a one-year limitations period for filing a Section 2255 motion. However, the one-year limitation period runs from the later of, among other things, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Before filing a second or

With respect to the applicability of the savings clause, the Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice.  *See In re Davenport*, 147 F.3d at 610-12.  *See also Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).  Accordingly, the precedents relied upon by Huff must be reviewed.

Of course, *Strickland v. Washington*, 466 U.S. 668 (1984), was decided well before petitioner was even convicted and cannot be used to trigger the savings clause.  Also, *Strickland* is a constitutional case, not a statutory interpretation case.

*Missouri v. Frye*, __ U.S.__, 132 S.Ct. 1399 (2012), regarding counsel's failure to inform a defendant of the potential plea deal vis-à-vis trial, and failure to thoroughly explain options—resulting in an unanticipated sentence—is a constitutional, not statutory interpretation case.  Moreover, it did not announce a new rule of law.  *See Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012).  The same has been said of *Frye*'s companion case, *Lafler v. Cooper*, __U.S.__, 132 S.Ct. 1376 (2012).  *Id.*; *see also Estremera v. United States*, 724 F.3d 773

---

successive Section 2255 petition, permission must be obtained from the appropriate appellate court, pursuant to 28 U.C.C. § 2255(h)(2).

(7th Cir. 2013). Therefore, those two cases cited by Huff do not enable him to use the safety clause.

Although *Alleyne v. United States*, __U.S.__, 133 S.Ct. 2151 (2013), and *Descamps v. United States*, __U.S.__, 133 S.Ct. 2276 (2013), are statutory interpretation cases, neither case has been deemed retroactive by the Supreme Court. See *Simpson v. United States*, 721 F.3d 875, 876-77 (7th Cir. 2013) (in re *Alleyne*); *Groves v. United States*, __F.3d__, 2014 WL 2766171 *4 (7th Cir. June 19, 2014) (in re *Descamps*).

*Bullcoming v. New Mexico*, __U.S.__, 131 S.Ct. 2705 (2011), pertains to the Confrontation Clause of the Sixth Amendment, and but has not been declared retroactive.

Petitioner has failed to qualify to utilize the savings clause, and this district court does not read *Brown v. Caraway* as otherwise opening the window wide for the use of Section 2241rather than Section 2255. Huff has not made any other argument that Section 2255 is unavailable. Furthermore, the fact that the one-year limitations period may preclude a petition does not render Section 2255 an inadequate or ineffective remedy. See *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007)(a petitioner cannot let the one-year deadline pass and then take advantage of the fact Section 2241 has no limitations period).

**IT IS HEREBY ORDERED** that, for the reasons stated, the Section 2241 petition is **DISMISSED** with prejudice. Judgment shall enter accordingly. The

Court offers no opinion regarding the merits of a possible (successive) Section 2255 petition.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal in this district court within thirty days of the entry of judgment. FED.R.APP.P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. See FED.R.APP.P. 24(a)(1)(C). If petitioner does choose to appeal and *if* he is allowed to proceed as a pauper, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See FED.R.APP.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).

A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**Signed this 14th day of July, 2014.**

Digitally signed by
David R. Herndon
Date: 2014.07.14
10:40:39 -05'00'

**Chief Judge**
**United States District Court**